UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

                                        MEMORANDUM AND ORDER

     -against-                              CR 03-851
                                        (Wexler, J.)

JESUS A. MAGANA,
       also known as "Chusiado,"

            Defendant.
------------------------------------------------------X
APPEARANCES

       LORETTA E. LYNCH, UNITED STATES ATTORNEY
       BY: JOHN J. DURHAM, ASSISTANT UNITED STATES ATTORNEY
       610 Federal Plaza
       Central Islip, New York 11722

       JESUS A. MAGANA, USM #68507-053
       Defendant Pro Se
       USP–Hazelton
       P.O. Box 2000
       Bruceton Mills, West Virginia 26525

WEXLER, District Judge

       Defendant Jesus A. Magana ("Magana") brings a "Motion to Clarify Judgment and Commitment Order," requesting that this Court clarify whether he may receive credit for time served in custody from February 14, 2003 to June 29, 2006. The government opposes the motion.

       As the government recounts, Magana, a member of La Mara Salvatrucha (MS-13) street gang, shot an individual in Hempstead, New York on February 14, 2003. Shortly after the shooting, Magana was arrested and held in state custody without bail, charged with attempted murder in the second degree.

       On May 21, 2003, the federal government obtained an arrest warrant for Magana,

charging him with discharging a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). On May 27, 2003, Magana was arraigned on the federal arrest warrant and a magistrate judge entered a permanent order of detention. On July 24, 2003, a federal grand jury returned an indictment, charging Magana with several racketeering and firearm counts related to the February 14, 2003 shooting.

In the meantime, on July 29, 2003, Magana pled guilty in state court to criminal possession of a weapon in satisfaction of the charges stemming from the February 14, 2003 shooting. In those plea proceedings, the state court judge promised Magana that his "sentence shall run concurrent with any sentence that may heretofore be imposed in federal court." On March 24, 2004, the state court judge sentenced Magana to three and one-half years of imprisonment.

On June 28, 2005, Magana entered a guilty plea to count eleven of the federal indictment, charging him with violation of § 924(c)(1)(A)(iii), in satisfaction of all the federal charges. Pursuant to the plea agreement, and as confirmed at the plea proceeding, any sentence imposed on Magana was to run consecutively to any sentence he was then serving. On June 29, 2006, this Court sentenced Magana to 10 years' imprisonment.

On September 21, 2006, Magana completed his state sentence and was taken into custody by the United States Bureau of Prisons (the "BOP"). The BOP calculated Magana's sentence as commencing on September 21, 2006. On September 17, 2007, Magana filed a "Request for Administrative Remedy" with the BOP seeking credit for time served in custody from February 14, 2003 to June 29, 2006. The request was denied. According to the government, Magana failed to seek further administrative review within the BOP to the appropriate Regional Director

and then to the Central Office.

Magana moves to have this Court clarify or correct his sentence so that his state and federal sentences run concurrently, as (incorrectly) promised by the state court judge.

Upon consideration, the Court agrees with the government that the motion must be denied because Magana failed to exhaust his administrative remedies and, in any event, because it is without merit since Magna received credit for the time served against his state sentence, *see* 18 U.S.C. § 3585(b) (providing that "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence"), and the sentence under § 924(c)(1)(A)(iii) may not run concurrently with any other sentence (as specified in the plea agreement and plea proceeding).

Accordingly, the motion is denied.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
January 3, 2011